**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROBERT LEE WRIGHT, III,**

    **Plaintiff,**

vs.                                **CASE NO. 4:24-CV-00107-AW-MAF**

**MR. PETRU,
ICO REJECTS TEAM AUSPC,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, Robert Lee Wright III, a prisoner proceeding *pro se*, initiated this case by filing a pleading titled "326 U.S. 620, 623 (1946) Civil Rights Complaint Form for Pro Se Prisoner Litigants in Actions Under 28 U.S.C. 1331 or § 1346 or 42 U.S.C. § 1983." ECF No. 1. Liberally construed, the filing was an attempt to file a civil rights complaint pursuant to Section 1983. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Plaintiff did not file a motion to proceed *in forma pauperis* (IFP) and did not pay the filing fee. This Court screened Plaintiff's filing as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and found the initial filing legally insufficient as a complaint. ECF No. 3. The Court issued an Order advising Plaintiff that this case would likely

be dismissed if he did not correct the deficiencies and directed him to either file an IFP application or pay the filing fee by **April 8, 2024**. Id. For the reasons stated, it is recommended that the case be dismissed and closed.

**I.   Standard of Review**

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).  A brief discussion of the procedural history is warranted.

## II.   Plaintiff's Procedural History.

Plaintiff initiated this case with a handwritten pleading but did not use the Court's complaint form. ECF No. 1. He filed nothing else. The Court found the pleading legally insufficient to serve as a complaint and struck it because it did not comport with the Rules governing federal cases. ECF No. 3. The Court outlined the proper course of proceeding and gave Plaintiff until **April 8, 2024**, to amend and to either file a complete IFP application or pay the $405 filing fee. Id. To date, Plaintiff failed to comply with the Court's order.

## III.  Discussion

"A party who files . . . a civil case must simultaneously either pay any fee required . . . or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3. The IFP motion must be supported by copies of Plaintiff's inmate account statement for the six (6) month period immediately preceding the filing of the complaint.

The Clerk of Court provided Plaintiff with the proper forms. ECF No. 3. The Court directed Plaintiff to either complete the IFP application and submit the supporting inmate account statements or pay the $405 filing fee. Id. The Court advised Plaintiff that this case would not proceed without a proper IFP application or payment of the fee. Id. Plaintiff simply did nothing further.

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are *ignored*, he may recommend the dismissal of a case for

failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. and Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)). Emphasis added.

The Court advised Plaintiff of the proper way to proceed, in this case and in several other cases, but he did not comply. [1] ECF No. 3. Such defiance to this Court's orders need not be tolerated. Id. As such, dismissal is appropriate.

## IV. Conclusion and Recommendation

For the reasons stated, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be **CLOSED**.

**DONE AND ORDERED** this 15th day of April 2024.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

---

[1] See N.D. Fla. Nos. 4:24-cv-00006-MW-MAF, Wright v. McHenry, et al. (dismissed for failure to comply with court orders); 4:24-cv-00011-AW-MAF, Wright v. Donovan (dismissed for failure to comply with court orders); 4:24-cv-00012-MW-MAF, Wright v. McHenry (dismissed as frivolous and for failure to comply with court orders).

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).